The Honorable Jim Hudson Prosecuting Attorney Eighth Judicial District Miller County Courthouse Texarkana, AR 75502
Dear Mr. Hudson:
This is in response to your request for an opinion on several questions which have arisen due to the Lafayette County Memorial Hospital Board's decision to close the hospital. Your specific questions are restated as follows:
 Should the sales tax, which was passed in 1986 and reaffirmed on March 21, 1989 for the use and benefit of the hospital, be suspended or will it have to be voted upon by the voters, and if so when could the election be held?
 How and when should the millage for the hospital be removed?
 What should be done with the funds which remain in the hospital accounts (revenues from accounts, sales tax monies, millage monies, miscellaneous funds); and, specifically, can this money be placed into county general funds for the use of the County?
 I assume, initially, in responding to these questions that there are no bonds outstanding in connection with the hospital project. It must be recognized that no portion of the tax pledge to the payment of bonds may be repealed, abolished, or reduced so long as such bonds are outstanding. A.C.A. § 26-74-210; see also A.C.A. § 26-74-310.
It is my opinion, in response to your first question, that in the absence of a judicial determination that the tax may be suspended, there will have to be an election on the question of abolishing the sales tax. Legislative intent in this regard has been expressed under A.C.A. § 26-74-310 wherein it states:
 The county may abolish all or that portion of the sales tax that is not pledged to lease rentals or outstanding bonds after and only after an election called in the same manner as provided in § 26-74-307 or by a petition of the qualified voters of the county. [Emphasis added.]
 Although this language does not appear in the subchapter under which the tax was levied in this particular instance (A.C.A. § 26-74-201, et seq.), we find no authority for a suspension of the tax. And it is significant to note in this regard that the county quorum court must be specifically delegated the power to authorize a tax on the sale of goods or services. Arkansas Code of 1987 Annotated § 14-14-806 states in pertinent part:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following powers, unless the power is specifically delegated by the General Assembly:
 The legislative power to authorize a tax on income or the sale of goods or services . . . .
 It is thus apparent that the county's authority in this area is subject to and requires state delegation. While provision is made for an election to abolish the sales tax, no mention is made of a suspension of the tax. The state's legislative power to authorize such a tax also reasonably encompasses the methods by which the tax will be repealed or reduced. It may be successfully contended that local legislative authority must also be delegated in this regard. This, coupled with the expression of legislative intent under § 26-74-310, supra, leads to the conclusion that the tax will have to be voted on.
With regard to when the election could be held, reference must be made to A.C.A. § 26-74-210. This provision governs the procedures for resubmission of the question of the levy or repeal of a county sales and use tax. Subsection (a)(1) states:
 When the question of the levy or repeal of a county sales and use tax is submitted to the electors and the proposition is approved or defeated, the question shall not again be submitted to the electors by ordinance of the quorum court of the county or by petition of electors at a special or general election for a period of six (6) months from the date the proposition was last voted upon.
 Since, according to your correspondence, the levy of this tax was confirmed in a March 21, 1989 election, it must be concluded that there can be no resubmission until September, 1989.
Your second question involves a millage in support of the hospital. I assume that this tax was levied pursuant to Amendment32 to the Constitution of Arkansas. The method for raising, reducing or abolishing this tax is set forth under Section 3 of the Amendment. It is my opinion that this section controls how and when the millage may be removed.
Your final question concerns the funds remaining in the hospital accounts. With regard to revenues from accounts and other miscellaneous non-tax funds, it must be noted that the county judge and quorum court, in conjunction with the county hospital board of directors, have exclusive jurisdiction over county owned hospitals. Const. Ark. art. 7, § 28; Const. Ark. Amen. 55, § 3;see also Bell v. Crawford County, 287 Ark. 251, 254,697 S.W.2d 910 (1985). They have the authority to sell or lease a county hospital. A.C.A. §§ 14- 16-105; 14-263-106. It may reasonably be concluded from this grant of authority that the county, in its discharge of the duty to maintain and operate the hospital, has discretion as to the manner in which that duty is discharged. See
generally Johnson v. Dermott, 189 Ark. 830, 75 S.W.2d 243 (1934). If these account revenues and other miscellaneous non-tax funds are in fact not necessary for purposes of administering and maintaining the hospital, it may be successfully contended that the county officials' discretion extends to placement of the surplus funds into county general funds. There appear to be no express prohibitions in this regard. It is my opinion, however, that an initial determination must be made concerning the existence of any continuing expense in connection with the facility.
With regard to sales tax revenues and funds generated from the hospital millage, the fundamental constitutional precept that monies arising from a tax levied for one purpose cannot be diverted to another must be recognized. Const. Ark. art. 16, § 11; Page v. Alexander, 206 Ark. 479, 177 S.W.2d 415 (1943). This precept compels the conclusion that these tax proceeds cannot, as a general matter, be deposited into county general funds. See
also A.C.A. § 26-74-208(c).
It should also be noted, however, that while a tax levied for one purpose cannot be used for another, a tax once levied may thereafter be levied for a different purpose. Hooker v. Parkin,235 Ark. 218, 357 S.W.2d 534 (1962). Another election for the levy of the sales tax may therefore be the appropriate method for determining the purpose(s) to which the revenues may be applied. Since the ballot may indicate the designated uses of the sale tax proceeds (A.C.A. § 26-74-208(c)), an election could arguably determine the use of any surplus funds. While there appears to be no authority on this issue, it seems clear that at the very least, a vote on the question would be required in order to divert the tax proceeds from the original designated purpose(s).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK
Attorney General
SC:arb